**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SHEERVONDA M. PRINCE,

Plaintiff,

v.

EMBER HOPE CONNECTIONS, et al.,

Defendants.

Case No. 26-2394-TC-RES

**REPORT AND RECOMMENDATION**

All litigants, including those proceeding pro se,[1] must comply with court orders and the Federal Rules of Civil Procedure. *See Bolongia v. Target Corp.*, No. 25-6205, 2026 WL 1894537, at *5 (10th Cir. July 1, 2026) (citing *Ogden v. San Juan Cnty.*, 32 F.3d 452, 454 (10th Cir. 1994)). Federal Rule of Civil Procedure 41(b) allows for dismissal of a case where "the plaintiff fails to prosecute or to comply with these rules or a court order." If any of these conditions are met, a district court may sua sponte dismiss the case. *See Young v. United States*, 316 F. App'x 764,771 (10th Cir. 2009). "When dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotations omitted); *see also Bolongia*, 2026 WL 1894537, at *2 ("This court has repeatedly held that a dismissal without prejudice under Rule 41(b) is almost never an abuse of discretion.").

[1] The Court liberally construes a pro se party's filings and holds them to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of the pro se party's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

For the reasons explained below, the Magistrate Judge recommends that the District Judge dismiss this case without prejudice pursuant to Rule 41(b) for noncompliance with the Court's August 6, 2026 Order, ECF No. 8, and/or for noncompliance with Federal Rule of Civil Procedure 8(a).

## I. NONCOMPLIANCE WITH THE COURT'S AUGUST 6, 2026 ORDER

Plaintiff proceeds in forma pauperis ("IFP"), which means that the Court is required to screen Plaintiff's pleadings for merit under 28 U.S.C. § 1915(e)(2)(B). On August 6, 2026, the Court entered an IFP Screening Case Management Order notifying Plaintiff that her Complaint was deficient and requiring her to file a "single amended complaint" that addressed the issues raised in the Order. ECF No. 8 at 1. The Court identified multiple issues, including:

> *First,* Fed. R. Civ. P. 7(a)(1) of the Federal Rules of Civil Procedure allows a party to file a single complaint and Fed. R. Civ. P. 11(a) requires that every pleading must "be signed . . . by a party personally if the party is unrepresented." Plaintiff, however, simultaneously filed two complaints: a civil complaint, utilizing the District's model civil complaint form, ECF No. 1 at 1-6; and an employment discrimination complaint, utilizing the District's model employment discrimination form, *id.* at 7-11.

*Id.* at 2. The Court noted that one of the form complaints was unsigned in violation of Rule 11(a) and that the two form complaints (collectively "the Complaint") failed to properly allege subject matter jurisdiction. *Id.* at 3. The Court also found that the Complaint failed to comply with Rule 8(a)(1) and (2). *Id.* at 4.

The Court strongly encouraged Plaintiff to use the District's model form complaint for pro se litigants for her forthcoming amended complaint, as the form aids pro se plaintiffs in organizing their pleadings. *See id.* at 6. The Order also made clear that:

> Any amended complaint must fully comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled

> to relief[.]" Lengthy or confusing factual allegations are strongly discouraged. In screening an amended complaint, Plaintiff is put on notice that the Court will review only Plaintiff's amended complaint and any exhibits attached to that amended complaint. The Court will not review other filings in this case.

*Id.* at 6. The Order expressly warned Plaintiff that if she did not file an amended complaint by the September 4, 2026 deadline, the Court would likely dismiss this case without further notice. *Id.*

On September 3, 2026, Plaintiff filed 311 pages of documents, which the Clerk's Office docketed as "Miscellaneous Pleadings from Multiple [R]esources." ECF No. 9.[2] The filing is not titled, and it includes no case caption. *Id.* at 1. The bulk of the filing consists of documents created by nonparties in no discernable order, including a report card appearing to belong to a nonparty, various documents from the Kansas Department of Children and Families, what appears to be handwritten notes with phone numbers, a FAQ sheet and various correspondence from the Kansas Attorney General's Office, correspondence from Kansas Legal Services, correspondence to Plaintiff from the Oklahoma Department of Human Services, correspondence from the Sedgwick County District Attorney's Office, and a Social Security Benefit Verification Letter, just to list some of the numerous and varied documents appearing in just the first 48 pages of the filing. *See id* at 1-48.

Although a handwritten and unsigned document titled "Complaint" appears on page 111, the Court does not construe this portion of a 311-page filing or any other portion as an amended complaint filed in compliance with the Court's Order. *See id.* at 111-118. On page 74, Plaintiff

---

[2] The Clerk's Office confirmed that it docketed the filing in the manner it was received. In other words, the pages in the document appear in the order in which they were sent to the Clerk's Office via Federal Express. Plaintiff also submitted two flash drives, which the Clerk's Office returned to Plaintiff because Plaintiff has not been granted leave to file documents conventionally. *See* ECF No. 10.

lists two types of torts ("Negligence torts" and "Intentional Torts"), but this page appears to be Plaintiff's own personal notes, rather than an attempt to assert any specific tort claim against any unspecified party. *Id.* at 74. And there is a lengthy narrative statement that begins on page 254, which discusses in part experiences by other individuals. *See id.* at 254-261.

Pleadings must include "a caption with the court's name, a title, [and] a file number," among other things. Fed. R. Civ. P. 10(a). The District Judge's Pro Se Case Management Order explicitly put Plaintiff on notice of requirements for filings, explaining that "[a]ll filings must contain the case caption, case number, title of the document, and be signed in accordance with Fed. R. Civ. P. 11(a) and D. Kan. Rule 5.1(b)(1)." ECF No. 5 at 2. Nothing in the 311-page filing comes close to meeting these requirements. Other than simply listing names at the top of the page, the handwritten document appearing on page 111 is missing any designation of a plaintiff or defendant and fails to include a caption with the court's name and file number. The same is true for the other portions of the handwritten documents appearing throughout the 311-page filing. And while Plaintiff handwrote her name and address on the front page of her filing, the Court cannot locate any actual signature included in the 311 pages consistent with Rule 11(a), such as a signature in the handwritten documents following the one labeled as a "Complaint." *See, e.g.*, ECF No. 9 at 118.

The Court declines to liberally construe select pages appearing throughout a 311-page filing as anything resembling an amended complaint. Because Plaintiff has failed to file an amended complaint by the September 4, 2026 deadline, Plaintiff has not complied with the Court's August 6, 2026 Order, and the Court recommends dismissal without prejudice on this basis.

## II. DISMISSAL FOR NONCOMPLIANCE WITH RULE 8

As explained above, the Magistrate Judge also put Plaintiff on notice of Rule 8(a)'s requirements in the August 6, 2026 Order. So did the District Judge in his July 6, 2026 Order. ECF No. 5 at 3 (explaining that a complaint must comply with Rule 8 and may be subject to dismissal if it does not). After explaining those requirements, the Magistrate Judge found that Plaintiff's original Complaint did not comply with Rule 8(a), and Plaintiff has never challenged that finding. *See* ECF No. 8 at 4. Even if the Court could liberally construe portions of Plaintiff's present filing as an attempted amended complaint—which it cannot—the Magistrate Judge still would recommend dismissal without prejudice for noncompliance with Rule 8(a). In other words, regardless of which filing the District Judge construes as the operative pleading—the original Complaint or the September 3 filing—neither comply with Rule 8(a), and the case is subject to dismissal.

Rule 8(a) requires that a complaint contain: "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." The September 3 filing fails to comply with at least Rule 8(a)(1) and (2).[3]

*First*, there is no jurisdictional statement, which was a problem with Plaintiff's original Complaint. *See* ECF No. 8 at 3 (the August 6, 2026 Order explaining why the original Complaint's

[3] The Court notes that page 74 lists types of damages. It is unclear whether these are damages Plaintiff actually seeks. *See, e.g.*, ECF No. 9 at 74 ("compensatory, punitive or nominal designed to address different types of losses or behaviors.").

jurisdictional statements were deficient). Plaintiff had the opportunity to fix this deficiency and was strongly encouraged to use the model form complaint, which may have helped her in addressing this issue. She declined to use the model form, and she did not otherwise fix this fundamental defect.

*Second*, the filing does not contain a short and plain statement of any claim showing an entitlement to relief against any Defendant. This was also a problem with Plaintiff's original Complaint. *See id.* at 4 (explaining that it was "wholly unclear what specific claims Plaintiff asserts against each Defendant" and how any factual allegations pertain to Defendants). Among other issues, it is still entirely unclear what claims Plaintiff is attempting to assert against what Defendants and the factual bases for those claims. For example, the opening paragraph on page 111 simply lists "[d]efamation, slander, or similar claims [alleging] that form of speech are false, have caused damage to reputation . . . ." ECF No. 9 at 111. The portion of the filing titled "Complaint," is largely a narrative statement of events that occurred. While the Court is sympathetic to the hardships Plaintiff has faced, Plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

In sum, Plaintiff's Complaint and the most recent filing do not comply with Rule 8(a), which alone is a sufficient basis to dismiss a case. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007) ("And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

## III. CONCLUSION

For the reasons explained above, the Magistrate Judge recommends that the District Judge dismiss this case without prejudice pursuant to Rule 41(b) for noncompliance with the Court's August 6, 2026 Order, ECF No. 8, and/or for noncompliance with Rule 8(a). The Magistrate Judge believes it would be futile to provide Plaintiff with another opportunity to amend given that the Court has already provided Plaintiff with an opportunity to amend and the filing in response to the Court's Order is arguably more deficient than the original Complaint. Additionally, to the extent the Court can understand Plaintiff's allegations, it cannot discern any claim that Plaintiff could pursue in this Court.

* * * *

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Plaintiff may file written objections to this report and recommendation within fourteen days after being served with a copy. If Plaintiff fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Dated: September 16, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge